Parker C. J.
then delivered the following opinion. In 1 Chitty on PL 35, it is held that in such case there cannot be a nolle prosequi, but that the plaintiff must be nonsuit and begin again, alleging the infancy of one of the parties to the contract. And in Tidd’s Pr. (2d Am. ed.) 631, the same position is laid down. Both these writers refer to the same authorities in support of the doctrine, and they are nisi prius decisions, which, however respectable, do not come to us with the weight of authority. The case of Jaffray v. Frebain et al., 5 Esp. 47, and that of Chandler v. Parker et al., 3 Esp. 76, must be acknowledged to be quite in point. But, on the other hand, the case of Noke et al. v. Ingham, 1 Wils. 89, would seem to favor a contrary opinion. It is true, that in this case one of the defendants who pleaded a discharge was a bankrupt, and Chitty adopts a distinction between matter in discharge which arises after making the contract, and that which shows it was never valid as to one of the joint contractors ; but the soundness of that distinction is not readily perceived, and it is not even hinted at in the case in Wilson, where the reason and foundation of the decision is, that the matter pleaded shows a formal dis *509 charge of one of the contractors, -and not a defence to the whole action ; and Williams, in his note to the case of Salmon v. Smith, in 1 Saund. 207, places it upon the same ground. He says, “ If the defendants sever in their pleas, as where one pleads some plea which goes to his personal discharge, such as bankruptcy, ne unques executor, and the like, and not to the action of the writ, the plaintiff may enter a nolle prosequi as to him, and proceed against the others.” The plea of infancy, it is true, will bar the action against him, and so far may be considered as not coming within the above rule ; but as such a plea can only destroy the right of action against him who pleads it, there does not seem to be any good reason why the plaintiff should be thrown back to commence a new suit, when the right of the infant can be as well protected without putting the plaintiff to this inconvenience. And of this opinion was the Supreme Court of New York ; for in the case of Hartness et al. v. Thompson et al., 5 Johns. Rep. 160, that court allowed a plaintiff, under like circumstances, to enter a nolle prosequi against the infant, and proceed against the other defendants.
There are good reasons for this practice. The plaintiff may not, and probably would not know, in many instances, that one of the contractors is a minor ; and if he did, to commence his suit against one, and aver that the other was a minor, would be a questionable course, for non constat that advantage would be taken of his minority, and the other defendant might plead in abatement that the promise was made by two ; and, if the plaintiff could be permitted to reply the infancy of the other, it would at least be unusual to require of him to disparage his own contract. And if this course of pleading would not be allowed, the plaintiff must in all cases sue both, in order that he may be entitled to a new action against one.
The same question came before this Court in Essex, at the November term 1819, in the case of Tappan et al. v. Abbot et al., and it was decided, upon deliberation, that the plaintiff might discontinue or enter a nolle prosequi as to the one who pleaded his infancy, and proceed against the other deiendant. Upon comparing the nisi prius cases in the English books and the case decided by the whole court in New York, it was thought the stronger reason was with the latter ; and as neither *510 were binding authorities upon us, we were at liberty to adopt that course, as a matter of practice, which could do no possible injury to one of the parties, and would save the other from expense and inconvenience.1